# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **CENTURY SURETY COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIV. ACTION NO. 3:22-cv-213 |
| | § | |
| **CLUB ADVENTURE LEARNING** | § | |
| **CENTER LLC, JGDG ENTERPRISES,** | § | |
| **LLC, ERIKA GONZALEZ, DEBORAH** | § | |
| **GONZALEZ, JESSICA ZAVALA, AND** | § | |
| **DANIA E. AGUERO** | § | |
| | § | |
| **Defendants.** | § | |

---

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, Century Surety Company, and files this Original Complaint for Declaratory Judgment against Defendants Club Adventure Learning Center LLC ("Club Adventure"), JGDG Enterprises LLC ("JGDG"), Erika Gonzalez ("Erika"), Deborah Gonzalez ("Deborah"), Jessica Zavala ("Zavala"), and Dania E. Aguero ("Aguero"), and would show the Court the following:

## I.
## PARTIES

1.     Plaintiff Century Surety Company ("Century") is a corporation domiciled in Ohio, with its principal place of business in Michigan.  It is an insurer licensed to transact business in the State of Texas.

2.     Defendant Club Adventure Learning Center, LLC is a Texas Limited Liability Company.  For purposes of diversity of citizenship, courts should look to the citizenship of a

limited liability company's individual members.  Club Adventure has one member: Deborah Gonzalez.  Deborah Gonzalez is a resident of El Paso, Texas, and a citizen of the State of Texas. Because all of its members are citizens of the State of Texas, Club Adventure is a citizen of the State of Texas for purposes of diversity of citizenship.  Club Adventure may be served with process by serving its registered agent, Deborah Gonzalez, at 5987 Pumpkin Patch Lane, El Paso, Texas 79932.  Citation is requested at this time.

3.      Defendant JGDG Enterprises, LLC is a Texas Limited Liability Company.   For purposes of diversity of citizenship, courts should look to the citizenship of a limited liability company's individual members.   JGDG has two members: Deborah Gonzalez and Jose Gonzalez.  Deborah Gonzalez is a resident of El Paso, Texas, and a citizen of the State of Texas. Jose Gonzalez is a resident of El Paso, Texas, and a citizen of the State of Texas.  Because all of its members are citizens of the State of Texas, JGDG is a citizen of the State of Texas for purposes of diversity of citizenship.  JGDG may be served with process by serving its registered agent, Deborah Gonzalez, at 5987 Pumpkin Patch Lane, El Paso, Texas 79932.  Citation is requested at this time.

4.      Defendant Erika Gonzalez is an individual resident of El Paso, Texas, and a citizen of the State of Texas.  Erika Gonzalez may be served with process at 5971 Pumpkin Patch Lane, El Paso, Texas 79932.  Citation is requested at this time.

5.      Defendant Deborah Gonzalez is an individual resident of El Paso, Texas, and a citizen of the State of Texas.  Deborah Gonzalez may be served with process at 5971 Pumpkin Patch Lane, El Paso, Texas 79932.  Citation is requested at this time.

6.      Defendant Jessica Zavala is an individual resident of El Paso, Texas, and a citizen of the State of Texas.  Jessica Zavala may be served with process at 5971 Pumpkin Patch Lane, El Paso, Texas 79932.  Citation is requested at this time.

7.      Defendant Dania Aguero is an individual resident of El Paso, Texas, and a citizen of the State of Texas.  Dania Aguero may be served with process at 200 North Mesa Hills Drive, Apartment 1506. El Paso, Texas 79912.  Citation is requested at this time.

## II.
## JURISDICTION AND VENUE

8.      This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The amount in controversy, exclusive of interests and costs, exceeds $75,000.  Plaintiff Century is a citizen of Ohio and Michigan, and all Defendants are all citizens of Texas.  Therefore, the parties are citizens of different states and complete diversity exists as between the parties.

9.      Venue is properly maintained in this Court because it is the judicial district where all or a substantial part of the events and omissions giving rise to the claims occurred, and in which the underlying lawsuit that is the basis of this insurance coverage declaratory judgment matter is pending.

## III.
## UNDERLYING LAWSUIT

10.      This suit concerns insurance coverage for the lawsuit styled *Dania E. Aguero, Individually and as Next Friend of KXXX MXXXXX Minor Child v. Club Adventure Learning Center, LLC, et al.,* Cause No. 2021-DCV-2713, in the 448th Judicial District Court of El Paso County, Texas (the "Underlying Lawsuit").

11.      The Underlying Lawsuit involves alleged physical and emotional abuse of a three-year-old child at a daycare center.  Dania Aguero alleges that on or about July 21, 2021, Zavala was changing Minor Child K.M.'s diaper when she lost self-control.  Zavala purportedly

grabbed K.M. by the arm and leg and pulled K.M., causing him to fall to the ground. She then dragged him approximately three feet across the carpeted floor. Aguero claims that K.M. sustained severe physical injury to his back and shoulder when he was dragged. After K.M. was dragged, he was placed in time out for almost seven minutes, which is more than double the recommended amount of time for his age. Aguero alleges that video evidence shows that K.M. was forcefully returned to time out when he attempted to leave.

12.    In the Underlying Lawsuit, Aguero alleges that as a result of the incident the Texas Department of Family and Protective Services ("DFPS") investigated the incident and found that there was a reason to believe that Zavala abused K.M. The DFPS also found that Deborah, the director of Club Adventure, was aware of the incident but failed to recognize concern. The DFPS concluded that Deborah's actions indicated a lack of good judgment.

13.    Aguero claims that Defendants' negligent and grossly negligent conduct proximately caused K.M. to suffer horrific and painful lifelong physical and emotional injuries. In the Underlying Lawsuit, Aguero asserts:

> Defendants were negligent. Defendants knew or reasonably should have known the danger of failing to properly monitor and care for the children entrusted in their care, including K.M. Defendants failed to take any actions which could have prevented the injuries K.M. sustained. Defendants' actions were not adequate and not the actions which reasonable, prudent persons would have exercised under the same or similar circumstances. By improperly training daycare employees to monitor, care, and supervise children, such as K.M., Defendants breached their duty to K.M. and to Plaintiff.

14.    Aguero also alleges that, among other things, Defendants negligently represented to the public that they offered professional childcare services and trained their employees and agents for professional services, failed to supervise and care for K.M., and failed to supervise staff and employees. She claims that Club Adventure, Erika, and Deborah are liable for negligent hiring, supervision, training, and retention of incompetent and unfit employees/agents,

and that Club Adventure is vicariously liable or liable under the doctrine of *respondeat superior* for Zavala's actions.  Finally, Aguero asserts that Defendants were negligent *per se* for failing to follow the safety guidelines according to the Texas Administrative Code with respect to standards for childcare.

15.     Aguero seeks actual damages, past and future pain and suffering, past and future disfigurement, past and future lost wages and lost earnings, past and future medical bills, and exemplary damages.  Is defending Defendants in the Underlying Lawsuit.

## IV.
## CENTURY POLICY

16.     Century issued a package policy to Club Adventure Learning Center LLC; JGDG Enterprises LLC dba Noah's Ark Child Care & Learning ("Club Adventure") effective for the period from November 3, 2020 to November 3, 2021, bearing policy number CCP 929073 (the "Policy").   The Policy contains a general liability coverage part, which provides limits of $1,000,000 per "occurrence" and $2,000,000 general aggregate.   A $500 per-claim deductible applies.

17.     The general liability coverage part contains the following insuring agreement:

**SECTION I — COVERAGES**

**COVERAGE   A   BODILY   INJURY   AND   PROPERTY   DAMAGE LIABILITY**

**1.      Insuring Agreement**

> **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.  But:

    **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

  **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; . . . .

18.    The Policy contains the following pertinent definitions:

**SECTION V – DEFINITIONS**

. . .

    3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

    13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.[1]

. . .

---

[1] As modified by Form CGL 1701 0917.

19.    The Policy contains the following endorsement, numbered CG 21 46 07 98:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**Amendatory Endorsement – Physical and Sexual Abuse Day Care Facilities**

**THIS ENDORSEMENT INCLUDES DEFENSE COST WITHIN THE LIMITS PROVIDED BY THIS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Limits of Liability

$100,000 Per Occurrence Limit
$100,000 Aggregate Limit

A.  In Consideration of the premium charged, it is agreed that the Abuse or Molestation Exclusion stated in endorsement CG 2146 is superseded by this endorsement.  The coverage provided by this endorsement is subject to the limit shown above.

$100,000 is the most to be paid under this endorsement due to one "occurrence".  $100,000 is the most to be paid in total under this endorsement regardless of the number of insureds, "occurrences", claims made, "suits" brought, or persons or organizations making claims or bringing "suits".

The limits provided above are included within the policy limits shown on the Declarations page and payment of these limits will reduce the policy limits shown on the Declarations page.  All expense we pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend resulting from this endorsement, will reduce the limit shown above for this endorsement.  Nothing in this endorsement will be construed to increase the policy's Limits of Insurance as shown on the Declarations page.

Coverage shall be afforded under the policy only with respect to "bodily injury" arising out of:

1.    Any actual, threatened or alleged physical or sexual abuse or molestation to any person left in your care as a licensed day care provider; or

    2.       The failure of any insured or anyone else for whom an insured is or could be held legally liable to prevent or suppress any actual, threatened or alleged physical or sexual abuse or molestation; or

    3.       The negligent employment, investigation, supervision, training or retention of a person for whom any insured is or could be held legally liable.

Under this endorsement, all "bodily injury" arising from or related to any actual or alleged sexual or physical abuse or molestation shall be deemed to occur at the time of the first such incident, damage or injury, even though the nature and extent of such incident, damage or injury may be ongoing, continuous, cumulative, changing or evolving.

. . .

D.      This Coverage also does not apply to:

. . .

    2.       Any claim for punitive, statutory or exemplary damages[.]

20.     The Policy also contains the following exclusion which provides that the insurance does not apply to:[2]

**4.      Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

**V.**
**JUSTICIABLE INTEREST**

21.     Club Adventure, JGDG, Deborah, Erika, and Zavala demanded that Century defend them in the Underlying Lawsuit. Century is currently providing a defense to all of these parties subject to a full and complete reservation of its rights.

---

[2] *Id.*

22.     All persons having an interest in the outcome of this litigation have been joined as parties.  Century seeks a declaration as to its rights duties and obligations, if any.

23.     An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. § 2201 *et seq*., Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure.  This Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to the issues herein.  Neither Century nor any other defendant has sought any other legal action to adjudicate their respective rights involving the insurance policies.

## VI.
## COUNTS

## COUNT I – DECLARATORY RELIEF

### A.     ABUSE OR MOLESTATION EXCLUSION

24.     Century alleges and incorporates by reference the allegations found in paragraphs 1 to 23 above.

25.     The Policy's Physical and Sexual Abuse Day Care Facilities Amendatory Endorsement affords $100,000 in liability coverage for "bodily injury" arising out of 1) any actual, threatened or alleged physical or sexual abuse or molestation to any person left in [Club Adventure's] care as a licensed day care provider; or 2) the failure of any insured or anyone else for whom an insured is or could be held legally liable to prevent or suppress any actual, threatened or alleged physical or sexual abuse or molestation; or 3) the negligent employment, investigation, supervision, training or retention of a person for whom any insured is or could be held legally liable.  The coverage is eroding, and includes defense costs.

26.     Century is defending Club Adventure, JGDG, Erika, Deborah, and Zavala in the Underlying Lawsuit subject to a full and complete reservation of its rights.  All of these parties

qualify as insureds under the Policy.  Due to the applicability of the Policy's Physical and Sexual Abuse Day Care Facilities Amendatory Endorsement, Century seeks a declaration that only one $100,000 sublimit is afforded to all parties combined.

27.     Century further seeks a declaration that after it has paid one $100,000 sublimit afforded by the Policy's Physical and Sexual Abuse Day Care Facilities Amendatory Endorsement on behalf of any combination of insureds, it may withdraw from defense of all insureds if the Underlying Lawsuit is still in litigation.

28.     Century further seeks a declaration that after it has paid $100,000 on behalf of any combination of insureds, whether in defense or settlement of the Underlying Lawsuit, it will no longer owe any obligation to pay any party on behalf of any insured.

### B.     PUNITIVE/EXEMPLARY DAMAGE EXCLUSION

29.     Century alleges and incorporates by reference the allegations found in paragraphs 1 to 28 above.

30.     To the extent that the Aguero seeks an award of punitive or exemplary damages, coverage is expressly excluded.  Century seeks a declaration that the Punitive Damages Exclusion precludes coverage for any punitive or exemplary damages that may be awarded in the Underlying Lawsuit.

31.     Further, insurance coverage for exemplary or punitive damages may be precluded under Texas law by public policy in any event.

### VII.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Century Surety Company, prays for judgment as follows:

A.      One $100,000 sublimit is afforded by the Physical and Sexual Abuse Day Care Facilities Amendatory Endorsement, which is applicable to all defendants combined;

B.      Following exhaustion of one $100,000 sublimit afforded by the Physical and Sexual Abuse Day Care Facilities Amendatory Endorsement, Century has no duty to defend Defendants Club Adventure, JGDG, Erika, Deborah, and/or Zavala in the Underlying Lawsuit and may withdraw from defense of all parties if the Underlying Lawsuit is still in litigation;

C.      After Century has paid $100,000 on behalf of any combination of insureds, whether in defense or settlement, it no longer owes any obligation to pay any party on behalf of any insured;

D.      Century has no duty to indemnify any party for punitive or exemplary damages awarded in the Underlying Lawsuit because such damages are excluded or void as against public policy; and

E.      Such other and further relief, legal or equitable, general or specific, to which Century may show itself to be justly entitled.

Respectfully Submitted,


By:  */s/ Robert J. Witmeyer*
     **ROBERT J. WITMEYER**
     State Bar No. 24091174
     Southern District No. 260115
     Email:  Rob.Witmeyer@cooperscully.com
     **SUMMER L. FREDERICK**
     State Bar No. 24067764
     Southern District No. 1047012
     Email:  Summer.Frederick@cooperscully.com

     **COOPER & SCULLY, P.C.**
     900 Jackson Street, Suite 100
     Dallas, Texas 75202
     Telephone:  (214) 712-9500
     Telecopy:   (214) 712-9540

     **ATTORNEYS FOR PLAINTIFF,**
     **CENTURY SURETY COMPANY**