IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-22-CV-213-KC |
| | § | |
| CLUB ADVENTURE LEARNING | § | |
| CENTER LLC; JGDG | § | |
| ENTERPRISES, LLC; ERIKA | § | |
| GONZALEZ; DEBORAH | § | |
| GONZALEZ; JESSICA ZAVALA; | § | |
| and DANIA E. AGUERO, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On this day, the Court considered Century Surety Company's ("Century") Motion for Reconsideration ("Motion"), ECF No. 35. For the reasons below, the Motion is **DENIED**.

## I.    BACKGROUND

In August 2021, Dania Aguero filed a lawsuit in state court (the "State Case"), bringing various negligence claims for injuries to her son against Club Adventure Learning Center LLC ("Club Adventure") and three Club Adventure employees.[1] Proposed Undisputed Facts ("PUF") ¶ 8, ECF No. 27; *see generally* PUF Ex. C, ECF No. 27-3. Aguero's most recent petition in the State Case alleges that a Club Adventure employee "negligently attempted to move [her son] . . . which caused [him] to sustain injuries and damages." PUF ¶ 23; PUF Ex. L ("6th Am. Pet.") ¶ 14, ECF No. 27-22.

---

[1] A more detailed recitation of the facts can be found in this Court's May 22, 2023, Order 1–3, EF No. 34.

Century is Club Adventure's insurer, and it agreed to represent the defendants in the State Case. PUF ¶¶ 14, 17. The insurance policy (the "Policy") between Century and Club Adventure contains a "physical abuse endorsement" (the "Endorsement") that applies if Century provides coverage for "bodily injury arising out of . . . alleged physical . . . abuse." PUF ¶ 16. The Endorsement limits the total coverage available under the Policy to $100,000, and any money it expends on defense or indemnification erodes that figure. PUF ¶ 16.

In June 2022, Century filed its Complaint, ECF No. 1, in this Court, and in December, it filed a Motion for Summary Judgment, ECF No. 26. Century requested a declaratory judgment that the Endorsement applied, and that it no longer owed a duty to defend or indemnify Defendants because it had already expended $100,000 in defense costs in the State Case. *See* Compl. 10–11; Mot. Summ. J. 15.

On May 22, 2023, the Court denied Century's Motion for Summary Judgment. *See* Order 21, ECF No. 34. It held that the Endorsement did not apply because the latest petition in the State Case alleged only negligence, while the Endorsement requires a level of culpability greater than negligence. *Id.* at 19. The Court also tentatively concluded that Century does have a duty to defend, and it ordered Century to file a brief explaining why summary judgment should not be granted in favor of Defendants. *See id.* at 21. On June 5, Century filed this Motion, asking the Court to reconsider its May 22 Order. Mot. 8. But Century concedes that if the Court's decision stands, summary judgment on the duty to defend should be granted in favor of Defendants. *Id.* On June 19, Defendants Club Adventure; JGDG Enterprises, LLC; Erika Gonzalez; and Deborah Gonzalez timely filed their Response, ECF No. 37.

## II.    DISCUSSION

### A.    Standard

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). "If the motion is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion," even if it is framed as a Rule 60(b) motion. *Obersteller v. United States*, Civil No. A-13-CV-198-LY, 2013 WL 7138802, at *1 (W.D. Tex. July 19, 2013); *see Dudenhefer v. Davol, Inc.*, No. 94-30551, 1995 WL 241809, at *2 (5th Cir. Apr. 14, 1995). Here, Century couches its Motion under Rule 60(b). Mot. 1. But because it filed the Motion within twenty-eight days of the Court's May 22 Order, the Court evaluates it under Rule 59(e). *See Dudenhefer*, 1995 WL 241809, at *2.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *T.B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1053 (5th Cir. 2020) (quoting *Schiller*, 342 F.3d at 567). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).

3

B.      **Analysis**

1.      **The Court did not err in its May 22, 2023, Order.**

Century argues the Court erred by relying on the causes of action listed in the latest petition in the State Case, rather than its factual allegations.  Mot. 2–5.  Century is correct that the duty to defend is determined based on a petition's factual allegations, not merely the labels placed on its causes of action.  *See Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82–83 (Tex. 1997).  But the Court did not conclude that the Endorsement was inapplicable simply because the petition included negligence claims; it concluded as much because "[t]he latest pleading [ ] *alleges* negligence."  *See* May 22, 2023, Order 19 (emphasis added).

To be sure, "the mere allegation of negligence does not control the duty to defend" if it is undermined by the other factual allegations in the petition.  *Freedman v. Cigna Ins. Co. of Tex.*, 976 S.W.2d 776, 778 (Tex. App. 1998); *see also Charlton v. Evanston Ins. Co.*, 502 F. Supp. 2d 553, 561 (W.D. Tex. 2007).  Similarly, an allegation of negligence, "alternatively made, is insufficient to convert claims based on knowing [or intentional misconduct] into a claim . . . caused by [negligence]."  *Huffhines v. State Farm Lloyds*, 167 S.W.3d 493, 501 (Tex. App. 2005); *see also Gehan Homes, Ltd. v. Emps. Mut. Cas. Co*., 146 S.W.3d 833, 841 (Tex. App. 2004).

For instance, in *American States Insurance Company v. Bailey*, the Fifth Circuit held that allegations "suggesting that [ ] acts were negligent . . . [could not] overcome the basic facts underlying" the petition because it made allegations of sexual assault, which cannot be committed "accidentally."  133 F.3d 363, 372 (5th Cir. 1998).  The *Charlton* court likewise held that allegations of negligence were conclusory.  *See* 502 F. Supp. 2d at 561.  There, the insurer claimed it had no duty to defend in a construction dispute because its policy covered property

damage caused by negligent torts, not economic losses caused by breaches of contract.  *See id.* at 556, 559–61.  Though the petition alleged negligence, the court agreed the insurer had no duty. *Id.* at 561.  "[T]he gravamen of [the] petition [was] breach of contract"—"that the house [that was] was promised and paid for was not the house [ ] received."  *Id.*  (citation omitted).  As a result, "[t]he conclusory allegations of negligence . . . [could not] serve to overcome the specific facts on which [the] claim [was] based."  *Id.*

Here, the petition alleges that a Club Adventure employee "negligently attempted to move [Aguero's son] . . . which caused [him] to sustain injuries and damages."  6th Am. Pet. ¶ 14.  While somewhat sparse, this is an allegation of fact.  Further, it was not made in the alternative to allegations of intentional misconduct.  *See generally id.*  And unlike sexual assault, it is possible to accidentally hurt someone while attempting to move them.  Thus, here, unlike in *Bailey*, *Charlton*, and *Huffhines*, the allegations of negligence in the petition in the State Case are neither conclusory nor undermined by surrounding claims and allegations.  *See Bailey*, 133 F.3d at 372; *Charlton*, 502 F. Supp. 2d at 561; *Huffhines*, 167 S.W.3d at 501.

Finally, Century reasserts two arguments it made in its Motion for Summary Judgment— first, that the petition is too vague to determine whether the Endorsement applies, and second, that extrinsic evidence proves it has no duty to defend.  *Compare* Mot. Summ. J. 12–14, *with* Mot. 5–8.  These arguments fail for the reasons previously explained in the Court's Order denying summary judgment.  *See* May 22, 2023, Order 10–19.  Accordingly, Century's Motion for Reconsideration is denied.

## 2.    Century owes a duty to defend.

Century concedes that if the Court does not reconsider its May 22, 2023, Order, then it should grant summary judgment on the duty to defend in favor of Defendants and stay the duty

to indemnify issue while the State Case is ongoing. Mot. 8. Having rejected Century's arguments for reconsideration, summary judgment on Century's duty to defend is granted in favor of Defendants. *See State Farm Lloyds v. Richards*, 966 F.3d 389, 392 (5th Cir. 2020).

"Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (quoting *Griffin*, 955 S.W.2d at 84) (emphasis omitted). Because Century's duty to defend has not been negated, and the State Case has not concluded, the question of its duty to indemnify is not yet justiciable. *See id.*

## III.    CONCLUSION

For the reasons above, Century's Motion, ECF No. 35, is **DENIED**.

**IT IS FURTHER ORDERED** that summary judgment on the duty to defend is **ENTERED** in favor of Defendants. Century shall **DEFEND** Club Adventure; JGDG Enterprises, LLC; Erika Gonzalez; Deborah Gonzalez; and Jessica Zavala in the State Case against the claims asserted by Dania Aguero.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED**. "[A]dministrative closure reflects nothing more than the federal courts' overarching concern with tidy dockets; it has no jurisdictional significance." *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 714-15 (5th Cir. 2002) (Dennis, J., concurring); *see also Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999).

**IT IS FURTHER ORDERED** that the parties shall move to reopen this case and inform the Court of the outcome of the State Case within seven days of the conclusion of all proceedings in the State Case.

**SO ORDERED.**

SIGNED this 20th day of July, 2023.

**KATHLEEN  CARDONE**
**UNITED STATES DISTRICT JUDGE**